IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN ALLAN LAYNE,  )  | Civil Action No. 7:12-cv-00189 |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | **MEMORANDUM OPINION** |
| ) | |
| KELLEY JENKINS, et al.,  ) | By:    Hon. Michael F. Urbanski |
|     Defendants.  ) |         United States District Judge |

Jonathan Allan Layne, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Kelley Jenkins and Dr. Ali, who ostensibly work at the Roanoke City Jail ("Jail"). Plaintiff alleges that Jenkins put false information in plaintiff's medical record at the Jail. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's submissions, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

## I.

Plaintiff alleges the following facts in the verified complaint. Jenkins wrote unspecified "unfounded information" in plaintiff's medical record. As a result of the unfounded information, plaintiff is limited to what trusty positions he is permitted to work and where he may serve his sentence. Plaintiff requests a subpoena to discover facts, unspecified damages, and a transfer to a different facility.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). A court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to allege any facts about Dr. Ali and merely alleges that Jenkins entered incorrect information in plaintiff's medical record.  Plaintiff's claim that false information in his medical record deprived him of the chance to earn money in the Jail or in the public economy does not state a constitutional claim.  See James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 377 (4th Cir. 2004) (holding that the general loss of future employment opportunities is conjectural); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (stating inmates have no constitutional right to job opportunities while incarcerated).  To the extent Jenkins mistakenly wrote false information in plaintiff's medical file, acts of mere negligence cannot form a basis for a constitutional claim.  Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).  Accordingly, plaintiff's complaint presently fails to state a claim upon which § 1983 relief may be granted, and the court dismisses it without prejudice.

### III.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  April 30, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge